W. H. MOOMAW, Respondent, v. LUKE EMERSON,
Appellant.

St. Louis Court of Appeals, May 2, 1899.

Sale of Personal Property: ALLEGED CONDITIONAL WARRANTY. In
the case at bar the contract for the purchase of the jack was finally
consummated by the receipt and acceptance of the note by defend-
ant, the conditional warranty relied upon by defendant was an
attempted modification of the terms of the original bargain. Held,
that before the defendant could avail himself of this alleged new
agreement he was bound to show that the plaintiff, for an additional
or independent consideration, assented to it.

*Appeal from the Audrain Circuit Court.*—HON.
ELLIOTT M. HUGHES, Judge.

AFFIRMED.

J. D. HOSTETTER·and E. W. MAJOR for respondent.

Defendant complains of the action of the court in refus-
ing four instructions set out on page 5 of his abstract:   As
to the first refused instruction, there was no evidence that
defendant had ever sold a jack to "plaintiff" under the special
agreement that he should be returned and exchanged in the
event he should turn out to be not a good breeder.   Defendant
testified that he mailed such a stipulation to "Moomaw &
Buck," as purchasers of a jack.   Besides it is not the law in
any event.   A similar contract was construed and held·that
the right to return was a cumulative remedy, and in no
manner affected the purchaser's right to sue for damages for
breach of warranty.   Moore v. Emerson, 65 Mo. App. 137,
and cases there cited.   As to defendant's second refused in-
struction it is elementary law that the purchaser's measure of
damages is the difference between the reasonable value of the

thing warranted, had it come up to the warranty, and its actual value in its defective condition. Spence v. Crow, 47 Mo. App. 321, and cases there cited.

F. W. IMSIEPEN for appellant.

Pleadings must show that warranty was made at time of sale and in consideration of sale. 28 Am. and Eng. Ency. of Law, p. 851, citing Penn v. Stewart, 11 Ark. 41. Johnson v. McDaniel, 15 Ark. 109. Loss of profits which would have been secured from standing the horse is too remote and contingent to constitute an element of damage. Connoble v. Clark, 38 Mo. App. 476; Hambrick v. Wilkins, 65 Miss. 19. When conflicting instructions are given by the court a new trial will be granted. Pomroy v. Parmlee, 74 Am. Dec. 328. When instructions state defendant's liability stronger than the law warrants, and another series states the law correctly, the latter instructions will not cure the former. 11 Am. and Eng. Ency. of Law, p. 249; citing Belt v. Good, 31 Mo. 128. Although there may have been sufficient legal evidence to justify a verdict, a new trial must be granted if incompetent evidence was admitted—it can not be known on which the jury relied. State v. Allen, 9 Am. Dec. 616. Where vendee agrees to replace an animal, sold on its being returned to him if unfit for breeding, the vendee should return it. Newberry v. Bennett, 38 Fed. Rep. 308. Vendee must express his disapproval within a reasonable time. His failure to do so amounts to a waiver of his right. 28 Am. and Eng. Ency. of Law, p. 778, citing Gentili v. Starace, 59 N. Y. Sup. Court 449; Potter v. Lee, 94 Mich. 140. In the action for breach of contract  *  *  * plaintiff can not prove damages by means of the opinions of himself and others as to what the profits of the business would have amounted. The facts should have been given, and the jury drawn their inference. Reed v. McConnell, 101 N. Y., p. 270. Such testimony is improperly received. (Ibid.).

BIGGS, J.—This is an action for damages for alleged breaches of an express warranty in the sale of a jack. The plaintiff lives in Virginia and the defendant in Missouri. The negotiations for the purchase of the jack were by correspondence. The warranty relied on is evidenced by the following letter received by plaintiff from defendant:

"Bowling Green, Mo., January 28th, 1897.

"Mr. W. H. Moomaw, Roanoak, Va.

"Dear Sir:—In reply to yours of 26th will say Mr. Buck has one of my best imported jacks selected for you. I guarantee him to be a good performer and breeder. He has style and action like a coach horse, black silky hair, long tapering ears, fine large flat bone. Send on your note and reference together with your security.      Yours truly,

"Luke M. Emerson."

The purchase price of the jack was $275. Upon the receipt of this letter the plaintiff sent defendant his negotiable note for the price of the animal, payable in July, 1898, which the defendant accepted and within a few days thereafter he discounted to a bank in Virginia. Subsequently, to wit, on the nineteenth of February, the jack was shipped by defendant. The plaintiff alleged and introduced evidence tending to prove that the jack was worthless for breeding purposes and was but of little value (if any), for any other purpose. The defendant answered that he sold the jack under the following conditional warranty, which he mailed to the plaintiff on the day the jack was shipped, and that the plaintiff had failed to return or offer to return the jack.

"CONTRACT.

"Bowling Green, Mo., Feby. 19, '97.

"This certifies that I have this day sold to Moomaw & Buck, W. Va., one imported Spanish jack for $275, to be paid for in one note, due July, 1898.

Moomaw v. Emerson.

"And I hereby guarantee that with proper treatment and handling said jack will prove a reasonably sure breeder, and in case he should prove unsatisfactory after one season's trial, I agree that he shall be returned to my stables, and if as sound and in as good condition as when he leaves here, exchange for some jack of same breed and cash value.

CONDITIONAL warranty.

"The above and foregoing shall be construed as a special warranty, and as embracing in its terms the full extent of my liability in case of a breach thereof.

"L. M. Emerson."

The averments of the answer are supported by the testimony of the defendant. The defendant asked and the court refused instructions predicated on the alleged conditioned warranty. The plaintiff recovered a judgment for $300, and the defendant has appealed.

We are of the opinion that the circuit court was right in refusing the defendant's instructions. It is conceded that the defendant wrote the letter of January 28. Unquestionably this letter contains an unconditional warranty. It is also undisputed that the plaintiff on the faith of this letter sent his note and that the defendant accepted it. This closed the contract. From that time the jack became the property of the plaintiff. The defendant testifies that on the day the jack was shipped (which was after the note had been received and sold by him) he mailed the conditional warranty to plaintiff. There is no evidence that the plaintiff received it, except the presumption arising from the mailing of it, and there is no evidence that the plaintiff was advised of it before it was sent nor that he consented at any time to a modification in any respect of the original terms of sale. As we have shown the contract for the purchase of the jack was finally consummated by the receipt and acceptance of the note by defendant.

CONSUMMATION of contract.

Clearly the conditional warranty relied upon by defendant was an attempted modification of the terms of the original bargain. Before the defendant could avail himself of this alleged new agreement he was bound to show that the plaintiff, for an additional or independent consideration, assented to it. Having failed to introduce such proof, the circuit court could not do otherwise than refuse the instructions asked by him.

It is insisted that the failure of the jack to perform was the result of bad management on the part of the plaintiff. There was evidence tending to prove and to disprove this. The question was submitted to the jury under proper instructions. The finding was against the defendant and he is concluded by it. The judgment of the circuit court will be affirmed. All the judges concur.